# AFFIDAVIT

STATE OF MISSISSIPPI

COUNTY OF JACKSON

Personally came and appeared before me, the undersigned authority in and for the jurisdiction aforesaid, the within said named WENDY MARTIN, who having been by me first duly sworn, stated on her oath that she was the attorney of record for Bruce Lamar Coleman. Further, would state the following:

1. Mr. Coleman was originally charged with Possession with Intent to Distribute 5 kilograms of cocaine hydrochloride, Possession of Marijuana with Intent to Distribute, and Possession of a Weapon by a Convicted Felon.
2. In exchange for his plea, Counts I and II were dismissed and Mr. Coleman pleaded guilty to the Possession of the Weapon charge only, limiting his exposure to a maximum to ten (10) years.
3. Although I am no longer in possession of Mr. Coleman's Pre-Sentence Report, I still maintain a copy of my objections to said report. Attached hereto is a copy of said Objections which were argued at Mr. Coleman's sentencing hearing.
4. I do not maintain a recording or formal notes on my exact conversations with Mr. Coleman, however, it is clear from my objections that I argued against the upward departure as there was no connection between the possession of the guns in the case at bar and Mr. Coleman's alleged intent to sell cocaine.
5. I can only speculate as to what was the exact conversations between Mr. Coleman and myself as this matter was several years ago.
6. I am certain that I informed him that he could face a maximum of ten years, and that he would be enhanced under sentencing guidelines for all amounts of drugs that were found to be in his possession, all criminal history that he may or may not have, and that I would be unsure of the exact sentencing range the government would attribute to him until I received a written Pre-sentence Report. I explain to all my clients that have pleaded guilty or will plead guilty that such enhancements or departures are generally hard to be certain of the exact sentencing range before the report is done, and explain that even the person doing the report could change the outcome of such guidelines. I explain that he/she will get points deducted or added for certain actions such as cooperation, pleading guilty, criminal history, stolen weapons, weapons which were used to facilitate or used in connection with a crime, and many other instances. I explain how this works, the scale that is used, and that it is almost impossible to determine the exact guideline range before I receive the report. I explain the process of objecting to the attributed offense level if it is warranted. I explain what is my best belief the final sentencing range will be and go over why I believe this will be the sentencing range applicable.
7. Clearly in this case I did not believe that the enhancements should have been attributed to Mr. Coleman, and after reading my objections and reviewing discovery, still believe this to be the case.
8. As to Mr. Coleman's allegations concerning my failure to argue that he should not have been found guilty as a convicted felon with a weapon under the United States

Constitution under his 2nd Amendment Right to Bear Arms, I admit I did not argue this. That is simply not the current law nor the law at the time that Mr. Coleman pleaded guilty. I am unaware of any cases that have been overturned for that reason, and I have never heard of that argument being used as a defense. I was never instructed to argue that motion by Mr. Coleman.

_____
WENDY MARTIN

GIVEN UNDER MY HAND AND OFFICIAL SEAL, this the ___7___ day of October, 2022.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:

___May 26, 2024___

[Notary Seal: STATE OF MISSISSIPPI, NOTARY PUBLIC, ID # 115165, HEATHER FREEMAN, Commission Expires May 26, 2024, JACKSON COUNTY]

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) PRESENTENCE INVESTIGATION REPORT |
| | ) |
| | ) Docket No.: 0538 1:19CR00129-1 |
| BRUCE LAMAR COLEMAN | ) |

PREPARED FOR:   The Honorable Halil Suleyman Ozerden
U.S. District Judge

Prepared by:   Wendy Martin
Attorney for Defendant
P.O. Box 2266
906 Convent Street
Pascagoula, MS 39568
(228) 769-8882
martinwndy@aol.com

Assistant U.S. Attorney
Annette Williams
1575 20th Avenue
Gulfport, MS 39501
(228) 563-1560
Annette.williams2@usdoj.gov

U.S. Probation Officer
Matthew Becker
2010 15th Street
Gulfport, MS 39501
(228) 563-1875
Matthew_Becker@mssp.uscourts.gov

## OBJECTION TO PRE-SENTENCE REPORT

1) On October 28, 2020, the Defendant entered a plea of guilty to the Count 3 of the Indictment against him wherein the Defendant is charged with violating Title 18, United States Code, Section 922(g)(1) charging him with possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year. Counts 1 and 2 of the Indictment were dismissed as a part of his plea agreement.

2) Convictions under 18 USC § 922(g)(1) are punishable by up to 10 years imprisonment. The

1

Defendant may receive minimum sentence of 15 years without parole if offender has *three or more prior convictions* for a felony crime of violence (e.g. burglary, robbery, assault, possession of offensive weapons) and/or drug trafficking felony. The Defendant has one (1) prior conviction for Possession with Intent to Distribute Between Five (5) and Fifty (50) Grams of Cocaine Base, on or about July 7, 2002, almost twenty (20) years ago. As such, the maximum incarceration sentence applicable in the case at bar is 10 (ten) years or 120 months.

3) The Pre-Sentence Investigation Report prepared in this case incorrectly determines the offense level, including adjustments.

4) The Defendant's response to the Pre-Sentence Report filed in this matter is as follows:

    **A. The Defendant Objects to the Offense Level of 24.**

    **B. The Defendant Objects to the Cross Reference Pursuant to USSG Sec. 2K2.1(c)(1).**

    A.    The guideline for 18 U.S.C. Section 922(g)(1) offenses is correctly stated as a base level 20 offense. However, the Defendant would show that four levels should not have been added for possession of the firearm(s) in connection with another felony offense, specifically, possession with intent to distribute cocaine. There was simply no "connection" between the possession of the guns and the intent to distribute cocaine.

"Using" a firearm "in connection" with a drug trafficking offense requires evidence sufficient to show "active employment" of the firearm by the defendant. Bailey v. United States, 516 U.S. 137, 145 (1995). The government must prove that the firearm was "transported by the defendant, – or was within his reach -- during and in relation to the predicate crime." U.S. v. Hall, 110 F.3rd 1155 (5th Cir. 1997). In the non-vehicular context, the gun must be moved in

2

some fashion and be accessible, that is, within reach. U.S. v. Wainuskis, 138 F.3rd 183 (5th Cir. 1998). Such is the case at bar. The Defendant was not in possession of either firearm that was found while in possession of any drugs. In fact, on the day that Coleman was arrested, he had left his wife's home with a back-pack and white plastic grocery bag and drugs in his vehicle. He did not possess a gun at that time. When the officers conducted a search warrant on his wife's home (which he rarely visited) they found additional drugs in another car, in the garage. The guns were found in the master bedroom. Specifically, the Lorcin pistol was located inside a closet in the master bedroom and the Smith and Wesson revolver was under a dresser in the master bedroom. Neither gun was in the immediate vicinity of drugs, nor were used in the furtherance of any drug trafficking offense. See Paragraphs 22-29 of the PSR. As such, his base level offense should be clearly reduced to a level 20 under these circumstances.

      B.      The government has incorrectly applied USSG Sec. 2K2.1. This section specifically states that "if the defendant used or possessed any firearm or ammunition cited in the offense of conviction in connection with the commission or attempted commission of another offense, or possessed or transferred a firearm or ammunition cited in the offense of conviction with knowledge or intent that it would be used or possessed in connection with another offense, apply: (A) Sec. 2X1.1 (Attempt, Solicitation, or Conspiracy) in respect to that other offense, if the resulting offense level is greater than that determined above."

      The government then gives a lengthy drug calculation analysis which results in an upward departure which is far more severe than the maximum punishment allowed under the Defendant's conviction. However, as discussed above, the guns were not possessed "in connection" with the drug offense. As alleged by the government, the Defendant left the home with drugs in his car to deliver said drugs to a confidential informant. Notably, there were no

guns in the Defendant's car, no guns on his person, nor anywhere around the Defendant when he was arrested. He had no immediate access to the guns found in this matter. Our 5th Circuit Court of Appeals has specifically stated that the Defendant must have immediate access to guns in his close proximity in order for the Defendant to be found in possession of a weapon in connection with a drug charge.

Further, Sec. 2X1.1 (Attempt, Solicitation, or Conspiracy) specifically states:

(a) Base Offense Level: The base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty.

(b) Specific Offense Characteristics

(1) If an attempt, decrease by **3** levels, unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense or the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control.

(2) If a conspiracy, decrease by **3** levels, unless the defendant or a co-conspirator completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense or the circumstances demonstrate that the conspirators were about to complete all such acts but for apprehension or interruption by some similar event beyond their control.

(3) (A) If a solicitation, decrease by **3** levels unless the person solicited to commit or aid the substantive offense completed all the acts he believed necessary for successful completion of the substantive offense or the circumstances demonstrate that the person was about to complete all such acts but for apprehension or interruption by some similar event beyond such person's control.

(B) If the statute treats solicitation of the substantive offense identically with the substantive offense, do not apply subdivision (A) above; *i.e.*, the offense level for solicitation is the same as that for the substantive offense.

Clearly, this section has absolutely nothing to do with the case at hand. The government then attempts to utilize USSG Sec. 2D1.1. This section states as follows:

4

§2D1.1 - UNLAWFUL MANUFACTURING, IMPORTING, EXPORTING, OR TRAFFICKING (INCLUDING POSSESSION WITH INTENT TO COMMIT THESE OFFENSES); ATTEMPT OR CONSPIRACY

(a) Base Offense Level (Apply the greatest):

(1) **43**, if the defendant is convicted under 21 U.S.C. § 841(b)(1)(A), (b)(1)(B), or (b)(1)(C), or 21 U.S.C. § 960(b)(1), (b)(2), or (b)(3), and the offense of conviction establishes that death or serious bodily injury resulted from the use of the substance and that the defendant committed the offense after one or more prior convictions for a similar offense; or

(2) **38**, if the defendant is convicted under 21 U.S.C. § 841(b)(1)(A), (b)(1)(B), or (b)(1)(C), or 21 U.S.C. § 960(b)(1), (b)(2), or (b)(3), and the offense of conviction establishes that death or serious bodily injury resulted from the use of the substance; or

(3) **30**, if the defendant is convicted under 21 U.S.C. § 841(b)(1)(E) or 21 U.S.C. § 960(b)(5), and the offense of conviction establishes that death or serious bodily injury resulted from the use of the substance and that the defendant committed the offense after one or more prior convictions for a similar offense; or

(4) **26**, if the defendant is convicted under 21 U.S.C. § 841(b)(1)(E) or 21 U.S.C. § 960(b)(5), and the offense of conviction establishes that death or serious bodily injury resulted from the use of the substance; or

(5) the offense level specified in the Drug Quantity Table set forth in subsection (c), except that if (A) the defendant receives an adjustment under §3B1.2 (Mitigating Role); and (B) the base offense level under subsection (c) is (i) level **32**, decrease by **2** levels; (ii) level **34** or level **36**, decrease by **3** levels; or (iii) level **38**, decrease by **4** levels. If the resulting offense level is greater than level **32** and the defendant receives the 4-level ("minimal participant") reduction in §3B1.2(a), decrease to level **32**.

This section is completely inapplicable to the case at bar as each section requires that the Defendant be **convicted** under specific sections of the United States Code, none of which the Defendant has been convicted under and therefore has absolutely zero application or relevance to the Defendant's conviction. The Defendant was given a 3 level deduction for Acceptance of Responsibility under USSG Sec. 3E1.1(a) and (b). As such, the correct total offense level should be 17. The Defendant was convicted previously of one prior drug offense which occurred on or about October 16, 2001. He was sentenced July 8, 2002, but not released from incarceration until January 3, 2006, not quite 15 years before his current arrest. Therefore, his criminal history

5

level is 2. His sentencing range is between 27 to 33 months, Zone D, Level 17, History 2, with a possible fine from $5,000.00 to $50,000.00.

The Defendant reserves the right to amend this brief.

RESPECTFULLY SUBMITTED, this the 11ᵀᴴ day of January 2021.

FOR: BRUCE LAMAR COLEMAN, Defendant

BY: /s/ **Wendy Martin**
WENDY MARTIN, AFD

HON. WENDY MARTIN
ATTORNEY AT LAW
POST OFFICE BOX 2266
PASCAGOULA, MS 395689
TELEPHONE: (228) 769-8882
FACSIMILE: (228) 769-8870
MISS. BAR NUMBER: 9907

6