UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:19cr129HSO
 (Civil No. 1:22cv267HSO)

BRUCE LAMAR COLEMAN

**RESPONSE OF UNITED STATES TO MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

The United States respectfully submits this response to the motion of defendant Bruce Lamar Coleman, *pro se*, to vacate, set aside, or correct his sentence, pursuant to Title 28, United States Code, Section 2255. In response, the Government would show the following:

**Background**

On October 28, 2020, defendant Coleman pled guilty to Count 3 of the indictment in 1:19cr-129, charging him with possession of a firearm having been convicted of a crime punishable by more than a year, in violation of Title 18, United States Code, Section 922(g)(1).

Coleman was represented at the plea hearing by experienced counsel, Wendy W. Martin. During the hearing, Coleman pled guilty pursuant to a written plea agreement in which he explicitly waived his right to appeal. The plea agreement further specifically stated in paragraph 2:

   **2.   Sentence.** Defendant understands that the penalty for the offense charged in Count 3 of the indictment, charging a violation of Title 18, United States Code, Section 922(g)(1), is not more than 10 years in prison; a term of supervised release of not more than 3 years; and a fine of up to $250,000.

 And in paragraph 3:

   Defendant specifically acknowledges that Defendant is not relying upon anyone's

1

calculation of a particular Guideline range for the offense to which Defendant is entering this plea and recognizes that the Court will make the final determination of the sentence and that Defendant may be sentenced up to the maximum penalties set forth above.

Plea Agreement 19cr129 (Ct. Rec. Doc.42).

On January 28, 2021, this Court entered its judgment, sentencing Coleman to 120 months of imprisonment, to be followed by three years of supervised release and a $5000 fine. Coleman also was ordered to pay a $100 mandatory special assessment. 19cr129 (Ct. Rec. Doc. 61).

Despite having waived his right to appeal or contest his conviction and sentence in any post-conviction proceeding, Coleman filed an appeal which was dismissed pursuant to the waiver, and now has moved for relief pursuant to Title 28, United States Code, Section 2255. Following his appeal, Coleman timely filed his § 2255 motion and its supporting memorandum on September 29, 2022.

Coleman raises four grounds for relief in his motion and brief, 1) ineffective assistance of counsel for bad advice regarding plea negotiations related to the sentencing guidelines enhancements; 2) a claim that 18 United States Code Section 922(g)(1) violates the Second Amendment to the Constitution; 3) a claim that 18 United States Code Section 922(g)(1) is overbroad and violates the Constitution; 4) ineffective assistance of his trial attorney for failure to raise a Second Amendment challenge to the 18 United States Code Section 922(g)(1) charge. In sum, other than claiming bad advice regarding the sentencing guideline application, all grounds asserted by Coleman involve the issue of the viability of 18 United States Code Section 922(g)(1) as it applies to a previously convicted felon .

## ARGUMENT

A. <u>Coleman's §2255 Motion should be dismissed with prejudice for failure to demonstrate actual prejudice resulting from the specific ineffective assistance of counsel alleged.</u>

"An attorney renders constitutionally ineffective assistance if his performance is deficient and that deficient performance prejudices the defendant." *United States v. Crain*, 877 F.3d 637, 646 (5th Cir. 2017). "A 2255 movant must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." *Id*. "In the context of a guilty plea, a movant shows prejudice by establishing 'that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.'" *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Despite his answers to the court's questions during the plea colloquy Coleman now claims attorney Martin erroneously "misadvised" him that he "would face a likely sentencing range of 27-33 months. Ct. Doc 81 at 4. This is at odds with what he was told by the court and in the plea agreement which this Court reviewed with the defendant at the time of his guilty plea. *See* Plea Transcript, Ct. Doc 70, at 13, 17-18, 21. The court advised Coleman it could not determine his sentence at that point of the plea and that it might be different that he was advised by his attorney. Clearly, Coleman was advised prior to final entry of his guilty plea that he was subject to the statutory maximum penalty of 120 months.

As in *Crain*, "the written plea agreement correctly advised [the defendant]" of the applicable penalties and, during the guilty plea proceedings, the defendant "affirmed that he had read, reviewed with counsel, and understood this agreement, notwithstanding his conclusional argument to the contrary." *Crain*, 877 F.3d at 647. In examining the Supreme Court's *Lee* decision, the Fifth Circuit in *Crain* observed "that '[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pled but for his attorney's deficiencies[,]' and that they 'should instead look to contemporaneous evidence to substantiate a

3

defendant's expressed preferences.'" *Id.* at 649 (quoting *Lee v. United States*, 37 S.Ct. 1958, 1967 (2017)). Coleman was fully advised of his potential sentencing result, by the plea agreement and the court. As trial counsel has stated in her affidavit and as demonstrated in the sentencing transcript a significant amount of time was spent arguing over the facts and application of the guidelines and law in this case. This was not, however, sufficient to reduce the guidelines below the statutory cap for the offense of conviction. Being fully advised of the potential 10-year sentence Coleman cannot show prejudice as a result of receiving that sentence.

What Coleman fails to understand is that had he gone to trial or entered a guilty plea to Count 1 of the indictment, his sentence would have started at the minimum mandatory of 120 months. Looking at the PSR calculations, Coleman would have an offense level of 33 and Criminal History category II, which produces a guideline range of 151-188 months. When applied to Count 1 of the indictment would have meant a minimum sentence of 151 months under the guidelines Therefore through the negotiations of counsel's a much better result for the defendant was achieved than would have been the case if he had been found guilty at trial or entered a plea to the drug counts which were dismissed.

Coleman is procedurally barred from challenging his conviction as he has failed to demonstrate in his filings any prejudice to him stemming from his allegations of ineffective assistance of counsel. Consequently, said motion should be dismissed.

  B. <u>Coleman has failed to demonstrate actual prejudice</u>

Grounds 2 through 4 of Coleman's claims of ineffective assistance rely on the ruling in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S.Ct. 2111 (2022). *Bruen* was argued November 3, 2021 and decided by the Supreme Court on June 23, 2022. Therefore, both

the arguments presented in *Bruen* and certainly the opinion came well after both the plea date and sentencing date of Coleman.

More importantly, throughout *Bruen*, the Supreme Court refers to **law abiding citizens**. The petitioners in *Bruen* were "ordinary, law-abiding, adult citizens" who sought to carry handguns publicly for self-defense. *Id*. at 2134. Nothing in the *Bruen* decision changes the illegality of possession of a firearm by a previously convicted felon, much less when the possession is in concert with felony drug distribution. In its opinion and ruling the Supreme Court reinforced the pronouncements in *Heller v. District of Columbia*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago, Ill.*, 561 U.S. 742 (2010), that the Second Amendment belongs to "law-abiding" citizens only. 142 S.Ct. at 2122, 2124-25, 2131, 2133, 2134, 2138, 2150, 2156; *see also id.* at 2162 (Kavanaugh, J., joined by Roberts, C.J., concurring) ("'[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons.'") (citing *Heller*, at 626.)

   C. <u>Burden of Proof</u>

A defendant's burden on an ineffective assistance of counsel claim is high.

> To succeed on any claim of ineffective assistance of counsel, a defendant must show that: (1) the attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, except for the attorney's unprofessional errors, the result of the proceedings would have been different.

*United States v. Kinsey*, 917 F.2d 181, 183 (5th Cir. 1990) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). Faithful adherence to the *Strickland* standard requires the court to engage in a "strong" presumption that counsel's conduct falls within the wide range of reasonable professional competence and every effort must be made to eliminate the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. "[A] court need not address both prongs ..., but may dispose of such a claim based solely on a petitioner's failure to meet either

prong of the test." *Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995).

Coleman has failed to demonstrate satisfaction of either prong of the *Strickland* standard. His allegations remain conclusory and insufficient to warrant the relief he demands. As the plea transcript demonstrates he fully understood his rights, the evidence against him and the consequences of his plea. Further, in light of the minimum mandatory drug sentence and higher guideline potential it is unlikely that the results of the proceeding would be any different, certainly not better for Coleman.

It is clear that the legal representation of Coleman met an objective standard of reasonableness, and (2) there is no reasonable basis to conclude that defense counsel committed any unprofessional errors in her legal representation that would have led to any different result at trial. As neither prong of the articulated test is met, Coleman has failed to meet his burden to support his allegations, thus his claim of ineffective assistance of counsel fails and his motion should be dismissed with prejudice.

Because Coleman's § 2255 motion raises no factual matters requiring additional development of the proof, there is no need for an evidentiary hearing to dispose of his claims. *See, United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990) (no need for evidentiary hearing if record "is clearly adequate to dispose fairly of the allegations"); *United States v. Pettiette*, 338 Fed. Appx. 362, 363 (5th Cir. 2009) (unpublished per curiam) (defendant "must present 'independent indicia of the likely merit'" of the § 2255 claims) (quoting *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006)). Because Coleman's § 2255 motion presents no issues requiring further proof, and this Court has an adequate basis to rule, this Court should deny Coleman's motion for § 2255 relief.

## **CONCLUSION**

For the foregoing reasons, Coleman's motion for § 2255 relief should be denied,

                                      Respectfully submitted,

                                      DARREN J. LAMARCA
                                      United States Attorney
                                      Southern District of Mississippi

By:    *s/ Annette Williams*
                                      Annette Williams, MSB # 9641
                                      Assistant United States Attorney
                                      1575 20th Avenue
                                      Gulfport, Mississippi 39501
                                      Phone: (228) 563-1560
Dated: October 19, 2022,             Annette.Williams2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that this day, I electronically filed the foregoing with the Clerk of the Court using the Electronic Case Filing system (ECF), and caused to be served by U.S. Mail the foregoing to:

    Bruce Lamar Coleman
    # 06336-043
    Federal Correctional Institution- Sandstone
    PO Box 1000
    Sandstone, MS 55072

This the 19th day of October, 2022.

    *s/ Annette Williams*
    Annette Williams
    Assistant U.S. Attorney