IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  Civil No. 1:22cv267-HSO
Criminal No. 1:19cr129-HSO-JCG-1

BRUCE LAMAR COLEMAN

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT BRUCE LAMAR COLEMAN'S MOTION [81] UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY, AND DENYING DEFENDANT'S MOTION [86] TO EXPAND RECORD**

BEFORE THE COURT are Defendant Bruce Lamar Coleman's Motion [81] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, and his Motion [86] to Expand Record. After due consideration of the Motions, the record, and relevant legal authority, the Court finds that Defendant Bruce Lamar Coleman's Motions [81][86] are not well taken and should be denied without an evidentiary hearing.

I. BACKGROUND

A. Underlying criminal proceedings

On October 22, 2019, the Grand Jury charged Defendant Bruce Lamar Coleman ("Defendant" or "Coleman") in a three-count indictment with possession of controlled substances with the intent to distribute in violation of 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1), (b)(1)(A), and (b)(1)(D) (Counts I and II), and with being a

1

convicted felon in possession of firearm in violation of 18 U.S.C. § 922(g)(1) (Count III). Indict. [15] at 1-2.

Defendant pled guilty to Count III of the Indictment on October 28, 2020, subject to a written Plea Agreement [42] with the Government. Plea Agree. [42]. Defendant had previously filed a Motion [40] to Suppress, arguing that the Government lacked probable cause to stop him at the time of his initial arrest and that all fruits of that arrest should be suppressed. Mot. [40] at 3-4. At the subsequent plea hearing, Defendant acknowledged and agreed under oath that he was waiving the issues he had raised in his Motion [40] to Suppress, Tr. [70] at 24, and the Court entered a Text Order denying the Motion [40] as moot in light of his guilty plea, Text Only Order, Oct. 28, 2020.

The Plea Agreement [42] contained several written waivers, including that Defendant, while retaining the right to pursue a claim of ineffective assistance of counsel,

> expressly waives the following rights:
> a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and
> b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, on any ground whatsoever, including but not limited to a motion brought under Title 28, United States Code, Section 2255 . . . .

Plea Agree. [42] at 4-6.

A Presentence Report ("PSR") prepared by the probation office concluded that Defendant's total offense level under the United States Sentencing Guidelines ("U.S.S.G.") was 33 through a series of cross-references. PSR [58] at 10. It first

2

noted that U.S.S.G. § 2K2.1 addresses offenses involving the unlawful possession of a firearm, and that Defendant's count of conviction cited a firearm that was possessed in connection with another offense, specifically possession of a controlled substance with intent to distribute. PSR [58] at 8-9. Under U.S.S.G. § 2K2.1(a)(4)(A), Defendant's base offense level was 20 with an additional four level enhancement under § 2K2.1(b)(6)(B). However, pursuant to U.S.S.G. § 2K2.1(c)(1), U.S.S.G. § 2X1.1 applied because the resulting offense level was greater than under § 2K2.1. *Id.* at 9-10. U.S.S.G. § 2X1.1 instructed to apply the guideline for the underlying substantive offense, which, in this case, was U.S.S.G. § 2D1.1 for possession of a controlled substance with intent to distribute. *Id.* Based on the total drug quantity attributed to Defendant, his possession of firearms in furtherance of the controlled-substance offense, and his retention of a premises for the purpose of distributing controlled substances, the offense level under U.S.S.G. § 2D1.1 was 36. *Id.* Defendant then received a three-level downward adjustment for acceptance of responsibility, resulting in a total offense level of 33. *Id.* at 10.

Based on his offense level and a criminal history category of II, the imprisonment range under the Guidelines was 151 to 188 months; however, this range exceeded the statutorily authorized maximum sentence of ten years' imprisonment, thus limiting the Guidelines term of imprisonment 120 months. *Id.* at 19.

At sentencing, Defendant's counsel objected to the application of the cross-reference pursuant to U.S.S.G. § 2K2.1(c)(1), arguing that "[t]here was simply no

3

'connection' between the possession of the guns and the intent to distribute," and that U.S.S.G. § 2D1.1 was not a proper substantive offense guideline because Defendant was not convicted of possession with intent to distribute. Def.'s Objs. [58-2] at 2, 5-6. At the sentencing hearing, the Court overruled Defendant's objections, Tr. [72] at 24-28, and sentenced Defendant to 120 months' imprisonment, *id.* at 36; J. [61]. Defendant filed a direct appeal, Not. [62], which the Fifth Circuit dismissed on July 22, 2021, J. [80].

B.  Defendant's present Motions [81][86]

On September 29, 2022, Defendant filed the present Motion [81] to Vacate under 28 U.S.C. § 2255, raising four claims in support of his request for relief. *See* Mot. [81]. First, he argues that his counsel was ineffective because she allegedly advised him that he would face a Guidelines range of 27 to 33 months instead of his actual Guidelines range of 151 to 188 months. *Id.* at 4. Second, he asserts that "18 U.S.C. § 922(g)(1) violates the Second Amendment to the U.S. Constitution as applied to Coleman" because his "criminal history is non-violent." *Id.* at 5. Third, he contends that "18 U.S.C. § 922(g)(1) is overbroad and thus facially violates the Second Amendment" because "[t]he overwhelming majority of people who come within Section 922(g)(1)'s reach are non-violent people." *Id.* at 7. Finally, he maintains that his counsel was ineffective for failing to challenge the constitutionality of § 922(g)(1). *Id.* at 8.

Pursuant to an Order [82] entered by the Court, Defendant's counsel from his plea hearing and sentencing, Wendy Martin, has submitted an Affidavit [83],

4

stating that she cannot recall the exact conversations with Defendant, but is certain that she informed him of the maximum penalty for the offense, "that he would be enhanced under [the] sentencing guidelines for all amounts of drugs that were found to be in his possession," and that she could not be certain of the exact sentencing range until she had received the PSR. Aff. [83] at 1.

The Government responds that Defendant's Motion [81] is meritless. Resp. [84]. Regarding the alleged bad advice, the Government argues that Defendant has not demonstrated any prejudice resulting from any misstatement by his counsel regarding his potential Guidelines range. Resp. [84] at 2-4. As for Defendant's constitutional challenges, the Government asserts that Plaintiff has waived these grounds through the Plea Agreement [42], *id.* at 1-2, and that his counsel was not ineffective for failing to raise a frivolous argument regarding § 922(g)(1)'s constitutionality, *id.* at 5-6.

Defendant replies that he was prejudiced because he only pleaded guilty because his trial counsel informed him that the controlled substances would not be used against him in sentencing. Reply [87] at 2-3. He further claims that "the record establishes that a Fourth Amendment violation occurred and a suppression hearing was warranted," and that he would not have waived the suppression issue if he knew that the seized drugs would be considered at sentencing. *Id.* at 4-6.

Defendant has also filed a Motion [86] to Expand the Record to include an Affidavit [86-1] from Defendant himself. Mot. [86] at 1. The Affidavit [86-1] largely reiterates Defendant's substantive arguments in his Motion [81] and Reply [87],

5

claiming that he agreed to pled guilty "because [he] was advised that the drugs could not be used" and that he "would have gone to trial and a suppression hearing if [he] knew the drugs would or could have been used." Aff. [86-1] at 1.

## II. DISCUSSION

A.  Legal standard

After a federal prisoner's conviction is final, there are four narrow and separate grounds upon which he may move to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see also United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992).

"[O]n collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc)). Upon conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *Shaid*, 937 F.2d at 231-32. Relief under 28 U.S.C. § 2255 is therefore reserved for violations of constitutional rights, and for a narrow range of injuries which could not have been raised on direct appeal which, if condoned, would result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

B.  Defendant's Motion [86] to Expand Record

The Court finds that Defendant's Motion [86] to Expand Record should be denied. The record already before the Court is sufficient to address all of Defendant's claims, and Defendant's Motion [86] to Expand seeks to add only his own Affidavit [86-1] which merely repeats his existing arguments. *See* Mot. [86]; Aff. [86-1]. Therefore, even if the Court considered the Affidavit [86-1], it would have no effect on the outcome.

C.  Ground One: Whether Defendant's counsel was ineffective for allegedly failing to inform him of an applicable sentencing enhancement prior to him pleading guilty and underestimating his potential Guidelines range

Defendant first argues that his counsel was ineffective because she allegedly advised him that he would likely face a Guidelines sentencing range of 27 to 33 months, and she did not inform him that he could be subject to sentencing enhancements arising from his possession of the controlled substances. Mot. [81] at 4; Reply [87] at 2-6. He claims that he only pled guilty and waived his Motion [40] to Suppress due to this mistaken advice. Reply [87] at 3-6.

A guilty plea is valid when "the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *United States v. Shepherd*, 880 F.3d 734, 740 (5th Cir. 2018) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)). For "a defendant represented by counsel during the plea process who enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Id.* at 741 (quoting *Hill*, 474 U.S. at 56). Whether a convicted defendant's counsel was effective is governed by the two-part test from

7

*Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* "First, the defendant must show that counsel's performance was deficient" by demonstrating that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.*

In the context of a guilty plea, a defendant is only prejudiced if "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Shepherd*, 880 F.3d at 743 (quoting *Hill*, 474 U.S. at 59). In this context, relevant factors to show prejudice include:

> (1) the defendant's evidence to support his assertion that he would have gone to trial had he known the relevant circumstances; (2) his likelihood of success at trial; (3) the risks he would have faced at trial; (4) his representations about his desire to retract his plea; and (5) the district court's admonishments.

*Shepherd*, 880 F.3d at 744 (cleaned up). A court must consider this probability objectively, and a defendant cannot demonstrate prejudice based solely on his post-hoc assertions that he would have gone to trial had he been given different advice. *United States v. Batamula*, 823 F.3d 237, 240 (5th Cir. 2016).

Assuming that Defendant's evidence was sufficient to prove his factual allegations, it is doubtful that his counsel was constitutionally deficient for failing to advise him of the cross-reference provision of U.S.S.G. § 2K2.1(c)(1) and underestimating his Guideline ranges. *See United States v. Valdez*, 973 F.3d 396, 402-404 (5th Cir. 2020) (holding that a defendant's counsel was not ineffective even though counsel was unaware of the cross-reference provision of U.S.S.G.

8

§ 2K2.1(c)(1) and had advised defendant that his Guidelines range was twenty-four to thirty-three months when his actual Guidelines range was 324 to 405 months).

Even if Defendant could prove that his counsel's performance was deficient, he has not demonstrated that he was prejudiced by any misstatement by his counsel regarding his potential Guidelines range. Defendant's evidence of prejudice relies primarily on his own conclusory statements in his filings on the present Motion [81] that if "Coleman had known he was facing a sentencing guideline range of 151-188 months, Coleman would never had [sic] pled." Reply [87] at 2.  However, at the time of his plea,

> Defendant specifically acknowledge[d] that Defendant is not relying upon anyone's calculation of a particular Guideline range for the offense to which Defendant is entering this plea, and recognize[d] that the Court will make the final determination of the sentence and that Defendant may be sentenced up to the maximum penalties.

Plea Agree. [42] at 2. This contemporaneous evidence undermines Defendant's current contentions, and, therefore, the Court ascribes little weight to his new claims. *See Lee v. United States*, 137 S. Ct. 1958, 1968 (2017).

Likewise, during the plea colloquy, the Court warned Defendant that his Guidelines range could not be determined until after the presentence report was completed, that his sentence could be different from any estimate given by his attorney, and that the Court could impose a sentence higher than the Guidelines range up to the statutory maximum of ten years of imprisonment:

> THE COURT: Under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued sentencing guidelines for judges to follow to determine the sentence in a criminal case. Your sentence in this case will be determined by considering a combination of these advisory sentencing guidelines, possible authorized departures

9

> from those guidelines, and other statutory sentencing factors that have been set forth by Congress at Title 18, United States Code, Section 3553. Have you and your attorney talked about how the sentencing guidelines might apply to your case?
> THE DEFENDANT: Yes, sir.
> THE COURT: Now, do you understand that the Court will not be able to determine the guideline sentencing range for your case until after the probation office has prepared a presentence report, and you and the government have both had an opportunity to review that report and to challenge or object to the reported facts and the proposed application of the sentencing guidelines that are recommended by the probation officer? Do you understand that?
> THE DEFENDANT: Yes, sir.
> THE COURT: And do you understand that the sentence ultimately imposed by the Court may be different from any estimate that your attorney may have given you. Do you understand that?
> THE DEFENDANT: Yes, I do.
> THE COURT: Also, after your initial advisory sentencing guideline range has been determined, the Court has the authority, under some circumstances, to depart upward, above the guideline range, or downward, below the guideline range, and the Court will also consider statutory sentencing factors found at Title 18, United States Code, Section 3553 that could result in the imposition of a sentence that is either higher than or lower than the advisory guideline sentence range. Do you understand that?
> THE DEFENDANT: Yes, sir.
> THE COURT: Do you understand that the Court, in its discretion, could sentence you up to the maximum prison sentence provided by statute, which in this case is ten years. Do you understand that?
> THE DEFENDANT: Yes, sir.

Tr. [70] at 20-21. After being advised of these possibilities by the Court, Defendant stated under oath that he understood them and proceeded to plead guilty. *Id.* at 30. Defendant therefore knew that his guilty plea could result in a 120-month term of imprisonment, which is the sentence he received, and still chose to plead guilty. This weighs heavily against any claim of prejudice. *See Valdez*, 973 F.3d at 403-05 (finding no prejudice where the defendant's attorney greatly underestimated the defendant's Guidelines range because the court had warned him that his attorney's

10

Guidelines estimate could be incorrect and had informed him of the maximum possible sentence).

Moreover, the Government has demonstrated the significant risks Defendant would have faced had he gone to trial. *See* Resp. [84] at 4. Defendant was indicted on three Counts, one of which carried a mandatory statutory minimum sentence of ten years' imprisonment. *See* Indict. [15]; 21 U.S.C. § 841 (b)(1)(A). Instead, Defendant pled guilty to Count III which limited his exposure to a statutory maximum sentence of ten years' imprisonment. *See* Tr. [70] at 30; 18 U.S.C. § 924(a)(2) (West 2021). This also supports a finding that Defendant was not prejudiced by an incorrect estimate of his Guidelines range. *See United States v. Crain*, 877 F.3d 637, 650 (5th Cir. 2017).

Finally, regarding Defendant's assertions that he would have litigated his suppression claims if he knew that the drugs would be considered in his Guidelines calculation, this also provides no evidence of prejudice. Even if Defendant had not waived his Fourth Amendment challenge and had prevailed, the Court still could have considered any suppressed evidence at sentencing. *United States v. Butler*, 680 F.2d 1055, 1056 (5th Cir. 1982); *United States v. Youngblood*, 576 F. App'x 403, 409 (5th Cir. 2014) ("[I]t is settled in this circuit that suppressed evidence may be considered generally when sentencing."). Defendant therefore cannot demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" based on this claim. *Shepherd*, 880 F.3d at 743.

11

Accordingly, Coleman's arguments for relief based on alleged bad advice regarding his Guidelines range are not well-taken and should be denied.

D.  <u>Grounds Two and Three: Whether 18 U.S.C. § 922(g)(1) violates the Second Amendment to the United States Constitution when applied to felons with a non-violent criminal history</u>

Defendant challenges his conviction by asserting as-applied and facial challenges to the constitutionality of 18 U.S.C. § 922(g)(1). Mot. [81] at 5, 7. The Court finds that Coleman's argument for relief based on these grounds should be denied because he waived these claims through his Plea Agreement [42].

A defendant can waive his right to file a § 2255 motion so long as the waiver is knowing and voluntary. *United States v. White*, 307 F.3d 336, 344 (5th Cir. 2002). In the Plea Agreement [42], Defendant waived various rights, including "the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, on any ground whatsoever, including but not limited to a motion brought under Title 28, United States Code, Section 2255," except for claims for ineffective assistance of counsel. Plea Agree. [42] at 5-6.

At the plea hearing, the Court reviewed these waivers with Defendant:

> THE COURT: You are also waiving the right to contest the conviction and sentence or the manner in which the sentence is imposed in any post-conviction proceeding on any ground whatsoever, including but not limited to a motion brought under Title 28, United States Code, Section 2255, except for ineffective assistance of counsel claims. Do you understand that?
> THE DEFENDANT: Yes, sir

*   *   *

> THE COURT: Have you read each and every one of these waivers, Mr. Coleman?
> THE DEFENDANT: Yes, sir.

> THE COURT: Have you discussed them with your attorney and asked her any questions you may have had about them?
> THE DEFENDANT: I have.
> THE COURT: And did you understand her answers?
> THE DEFENDANT: Yes, sir.
> THE COURT: Do you understand what these waivers mean and what their consequences are?
> THE DEFENDANT: Yes, sir.
> THE COURT: And do you fully and completely understand and knowingly and voluntarily agree to all of these waivers, along with all of the other terms of the plea agreement, the plea supplement and the agreed preliminary order of forfeiture?
> THE DEFENDANT: Yes, sir.

Tr. [70] at 14, 16.

Defendant's challenges to the constitutionality of 18 U.S.C. § 922(g)(1) fall within the waiver of his right to bring a § 2255 motion. Defendant has not claimed that this waiver was not knowing and voluntary, *see* Mot. [81]; Reply [87], and his testimony at the plea hearing "carr[ies] a strong presumption of verity" that he understood that he was forfeiting these claims and that he voluntarily chose to do so, *see Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The Court therefore finds that Defendant validly waived his right to contest his conviction and sentence on these grounds.

E.    Ground Four: Whether Defendant's counsel was ineffective for failing to raise a Second Amendment challenge to 18 U.S.C. § 922(g)(1)

Defendant argues that his attorney was ineffective because she did not challenge the constitutionality of 18 U.S.C. § 922(g)(1) based on the Second Amendment to the United States Constitution. Mot. [81] at 9. Defendant claims that "once the Supreme Court decided [*District of Columbia v. Heller*, 554 U.S. 570

13

(2008)], there was no plausible reason to refrain from raising Second Amendment challenges to this statute." Ex. [81-1] at 6.

Defendant's argument is meritless. The Fifth Circuit "has repeatedly emphasized that the constitutionality of § 922(g)(1) is not open to question," *United States v. Weaver*, 779 F. App'x 275, 276 (5th Cir. 2019), and re-affirmed post-*Heller* that "criminal prohibitions on felons (violent or nonviolent) possessing firearms d[oes] not violate [the Second Amendment] right," *United States v. Scroggins*, 599 F.3d 433, 451 (5th Cir. 2010). Moreover, the Supreme Court itself in *Heller* noted that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons," *Heller*, 554 U.S. at 626, and discussed the Second Amendment right as "the right of law-abiding, responsible citizens," *id.* at 635. In light of this precedent, any argument that § 922(g)(1) was unconstitutional under the Second Amendment would have been frivolous, *see Scroggins*, 599 F.3d at 451, and Defendant's counsel was not ineffective for failing to make a frivolous argument, *Turner v. Quarterman*, 481 F.3d 292, 298 (5th Cir. 2007). Defendant's argument on this ground is not well-taken and should be denied.

### III. CONCLUSION

Because the Motion [81], files, and records conclusively show that Defendant is entitled to no relief, the Court finds that Defendant's Motion [81] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255, should be denied without an evidentiary hearing.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Bruce Lamar Coleman's Motion [81] under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DENIED** without an evidentiary hearing.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant Bruce Lamar Coleman's Motion [86] to Expand Record is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 23rd day of January, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE