IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.   Civil No. 1:22cv267-HSO
Criminal No. 1:19cr129-HSO-JCG-1

BRUCE LAMAR COLEMAN

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT BRUCE LAMAR COLEMAN'S MOTION [91] TO ALTER OR AMEND JUDGMENT UNDER RULE 59(e)**

BEFORE THE COURT is Defendant Bruce Lamar Coleman's Motion [91] to Alter or Amend Judgment under Rule 59(e). Defendant challenges this Court's Order [88] and Final Judgment [89] which denied his Motion [81] to Vacate pursuant to 28 U.S.C. § 2255. After due consideration of the Motion [91], the record, and relevant legal authority, the Court finds that Defendant's Motion [91] to Alter or Amend Judgment under Rule 59(e) should be denied.

I. BACKGROUND

On October 22, 2019, the Grand Jury charged Defendant Bruce Lamar Coleman ("Defendant" or "Coleman") in a three-count indictment with possession of controlled substances with the intent to distribute, in violation of 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1), (b)(1)(A), and (b)(1)(D) (Counts I and II), and with being a convicted felon in possession of firearm, in violation of 18 U.S.C. § 922(g)(1) (Count III). Indict. [15] at 1-2. Defendant pled guilty to Count III of the Indictment on

1

October 28, 2020, subject to a written Plea Agreement [42] with the Government. Plea Agree. [42]. Coleman was sentenced to 120 months' imprisonment, to be followed by three years of supervised release, a $5,000.00 fine, and a $100.00 special assessment. J. [61].

Coleman's Plea Agreement [42] with the Government contained several written waivers, including that he, while retaining the right to pursue a claim of ineffective assistance of counsel,

> expressly waives the following rights:
> a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and
> b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, on any ground whatsoever, including but not limited to a motion brought under Title 28, United States Code, Section 2255 . . . .

Plea Agree. [42] at 4-6.

On September 29, 2022, Defendant filed a Motion [81] to Vacate under 28 U.S.C. § 2255, raising four grounds in support of his request for relief. *See* Mot. [81]. First, he argued that his counsel was ineffective because she allegedly advised him that he would face a Guidelines range of 27 to 33 months imprisonment instead of his actual Guidelines range of 151 to 188 months. *Id.* at 4. Second, he asserted that "18 U.S.C. § 922(g)(1) violates the Second Amendment to the U.S. Constitution as applied to Coleman" because his "criminal history is non-violent." *Id.* at 5. Third, he contended that "18 U.S.C. § 922(g)(1) is overbroad and thus facially violates the Second Amendment" because "[t]he overwhelming majority of people who come within Section 922(g)(1)'s reach are non-violent people." *Id.* at 7. Finally, he

maintained that his counsel was ineffective for failing to challenge the constitutionality of § 922(g)(1). *Id.* at 8.

On January 23, 2023, the Court entered an Order [88] and Final Judgment [89], denying Coleman's Motion [81]. The Court found that: (1) Coleman failed to demonstrate any prejudice regarding his ineffective assistance claim, Order [88] at 8-11; (2) his constitutional challenges were waived by the collateral attack waiver in the Plea Agreement [42], *id.* at 12-13; and (3) his attorney was not ineffective for failing to raise a Second Amendment challenge to § 922(g)(1) because Fifth Circuit precedent foreclosed that argument, *id.* at 13-14.

Coleman has now filed the present Motion [91] to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e), asserting that the Court made two errors in its Order [88] and Final Judgment [89]. First, he claims that it was improper to enforce the collateral attack waiver in the Plea Agreement [42] because he challenged the constitutionality of his conviction and sentence. Mot. [91] at 1-2. Second, he maintains that the Court erred in finding that any Second Amendment challenge to § 922(g)(1) would have been frivolous. *Id.* at 2.

## II. DISCUSSION

A.     Rule 59(e)

Although habeas proceedings typically challenge criminal convictions and sentences, they are civil matters, *Banister v. Davis*, 140 S. Ct. 1698, 1702-03 (2020), and the Federal Rules of Civil Procedure apply to such proceedings, *see* Fed. R. Governing § 2255 Proc. in U.S. Dist. Cts. 12. Federal Rule of Civil Procedure 59(e)

3

permits a party in a civil case, including habeas petitioners, to request that a district court reconsider a judgment within twenty-eight days from the entry of that judgment. *Banister*, 140 S. Ct. at 1702-03; Fed. R. Civ. P. 59(e). While some post-judgment motions made in a habeas proceeding are barred by 28 U.S.C. § 2255(h)'s prohibition on second or successive motions, *see Gonzelez v. Crosby*, 545 U.S. 524, 530-36 (2005); *United States v. Hernandes*, 708 F.3d 680, 681-82 (5th Cir. 2013); 28 U.S.C. § 2255(h), a Rule 59(e) motion to alter or amend a habeas judgment does not qualify as a second or successive petition, *Banister*, 140 S. Ct. at 1702 (addressing a § 2254 motion); *In re Franklin*, 832 F. App'x 340, 341 (5th Cir. 2020) (applying *Banister* to a § 2255 motion).

Under Rule 59(e), a judgment may be amended "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012). A movant cannot rely on "arguments or claims 'that could, and should, have been made before the judgment issued.'" *Id.* (quoting *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008)). Nor can a movant use a Rule 59(e) motion to assert a new legal theory. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

Coleman's Motion [91] does not cite to any intervening change in the law or to any newly discovered evidence since the Court entered its Order [88] and

Judgment [89]. Accordingly, Coleman must demonstrate that any asserted error was "a manifest error of law." *Demahy*, 702 F.3d at 182.

B.     <u>Whether the Court erred in enforcing the collateral attack waiver in the Plea Agreement [42]</u>

Coleman first argues that "[t]he Court erred by enforcing the collateral attack waiver in the Plea Agreement against Coleman's facial Second Amendment challenge to section 922(g)(1) because such an attack comes within the recognized exceptions to the enforceability of collateral attack waivers." Mot. [91] at 1. In the Fifth Circuit, there are "only two exceptions to the general rule that knowing and voluntary appellate and collateral-review waivers are enforceable: first, ineffective assistance of counsel, and second, a sentence exceeding the statutory maximum." *United States v. Barnes*, 953 F.3d 383, 388-89 (5th Cir. 2020). Coleman claims that his facial challenge to § 922(g)(1) should be construed as a challenge to a sentence that exceeds the statutory maximum because if "section 922(g)(1) violates the Second Amendment, then Coleman's sentence exceeds the lawful maximum of no sentence at all." Mot. [91] at 2.

The Court did not err in enforcing the collateral attack waiver in the Plea Agreement [42]. Coleman's § 2255 Motion [81] did not assert that he was sentenced in excess of 18 U.S.C. § 922(g)(1)'s maximum statutory penalty, *see generally* Mot. [81], nor could he have brought a non-frivolous claim on that basis because Coleman's sentence does not exceed the statutory maximum, *see* J. [61]; 18 U.S.C. § 924(a)(2) (West 2021). Instead, Coleman contends that his conviction and sentence are unconstitutional, Mot. [81] at 5-7; Mot. [91] at 1-2, and this constitutional

5

challenge provides no basis for the Court to not enforce his collateral attack waiver, *Barnes*, 953 F.3d at 389; *see also United States v. Caldwell*, 38 F.4th 1161, 1161-62 (5th Cir. 2022) (holding that a collateral attack waiver barred a § 2255 challenge to a defendant's conviction even though his conviction was predicated on a statutory clause found to be unconstitutional). Through his Plea Agreement [42] with the Government, Coleman validly waived his right to challenge the constitutionality of his conviction, and the Court did not err in enforcing that waiver.

C.  Whether the Court erred in denying Coleman's claim of ineffective assistance of counsel for failure to challenge the constitutionality of § 922(g)(1)

Coleman next argues that the Court erred in dismissing his claim that his attorney was ineffective because she did not challenge the constitutionality of 18 U.S.C. § 922(g)(1) based on the Second Amendment to the United States Constitution. Mot. [91] at 2. The Court denied this claim, finding that, because Fifth Circuit precedent foreclosed a Second Amendment challenge to § 922(g)(1), "any argument that § 922(g)(1) was unconstitutional under the Second Amendment would have been frivolous, and that Defendant's counsel was not ineffective for failing to make a frivolous argument." Order [88] at 14 (citation omitted). Coleman asserts that this amounts to error because he believes that the Fifth Circuit precedent finding that § 922(g)(1) is constitutional was erroneous under *District of Columbia v. Heller*, 554 U.S. 570 (2008). *See* Mot. [91] at 2.

Coleman's argument is not well-taken. "[C]ounsel is not ineffective for failing to raise a claim that courts in the controlling jurisdiction have repeatedly rejected." *United States v. Fields*, 565 F.3d 290, 295 (5th Cir. 2009). It would have been

6

frivolous for Coleman's attorney to argue that § 922(g)(1) was unconstitutional based on the Second Amendment and *Heller* because the Fifth Circuit has rejected this exact claim on more than one occasion. *United States v. Scroggins*, 599 F.3d 433, 451 (5th Cir. 2010); *Turner v. Quarterman*, 481 F.3d 292, 298 (5th Cir. 2007). The Fifth Circuit's statement in *Scroggins* that *Heller* did not render § 922(g)(1) unconstitutional is "an authoritative statement . . . that [Coleman's] proposed objection would have been meritless" and Coleman's "counsel cannot have rendered ineffective assistance of counsel by failing to make an objection that would have been meritless." *Turner,* 481 F.3d at 298; *see Scroggins*, 599 F.3d at 451. Coleman's personal belief that the Fifth Circuit erred in *Scroggins* is irrelevant. Had his counsel raised a challenge to the constitutionality of § 922(g)(1) based on the Second Amendment, this Court would have rejected such argument as meritless based on that binding Fifth Circuit precedent.

Moreover, even if the Fifth Circuit were to overrule *Scroggins*, that has no bearing on whether Coleman's counsel was ineffective for failing to raise a constitutional challenge. *Fields*, 565 F.3d at 294. As the Fifth Circuit has "repeatedly held," "there is no general duty on the part of defense counsel to anticipate changes in the law." *Id.* Accordingly, there is no claim of ineffective assistance of counsel when defense counsel fails to raise an issue because it was barred by then-existing precedent, even when that precedent is subsequently overruled. *Id.* at 297.

Controlling precedent indisputably foreclosed a Second Amendment challenge to § 922(g)(1) at the time of Coleman's conviction, *see Scroggins*, 599 F.3d at 451, and his counsel was not deficient for failing to challenge that precedent, *Fields*, 565 F.3d at 297-98. The Court did not err in finding that his counsel was not ineffective, and Coleman's Motion [91] must be denied.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Bruce Lamar Coleman's Motion [91] to Alter or Amend Judgment under Rule 59(e) is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 1st day of March, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE